**BROOKS CONCEPCION LAW, P.C.**
Georgette Bello Concepcion, Esq.
247 Martyr Street, Suite 101
Hagatna, Guam 96910
Telephone: 671.472-6848
Facsimile: 671.477. 5790
gbc@guamlaw.net

**CIVILLE & TANG, PLLC**
Joshua D. Walsh
330 Hernan Cortez Avenue, Suite 200
Hagåtña, Guam 96910
Telephone: 671.472.8868
Facsimile: 671.477.2511

*Co-Counsel for Plaintiff Cynthia Johnson*

UNITED STATES DISTRICT COURT

DISTRICT COURT OF GUAM

| | |
|---|---|
| CYNTHIA JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF GUAM AND THE GUAM DEPARTMENT OF EDUCATION<br><br>Defendants. | Civil Case No. _____<br><br><br>**VERIFIED COMPLAINT;**<br>**JURY TRIAL DEMAND** |

COMES NOW, PLAINTIFF CYNTHIA JOHNSON ("Plaintiff" of "Nurse Johnson"), by and through her co-counsels of record, Brooks Concepcion Law, P.C., and Civille & Tang, PLLC, and alleges and complains as follows:

### NATURE OF THE CASE

Plaintiff brings this action pursuant to Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111-12117, as amended, which incorporates, through § 12117 (a), the powers, remedies and procedures set forth §§ 42 U.S.C. §§ 2000e-2000e-1720000 ("Title VII")

for discrimination based upon a disability and the failure to accommodate the same. Plaintiff further complains that Defendants' actions are barred by Guam law as unlawful discriminatory practices.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111-12117, as amended, which incorporates, through § 12117 (a), the powers, remedies and procedures set forth §§ 42 U.S.C. §§ 2000e-17 ("Title VII") for discrimination based upon a disability and the failure to accommodate the same, and 28 U.S.C. §§ 1331, 1343 and 1337.

2. Jurisdiction is further invoked for claims involving violations of state law codified in the Guam Code Annotated ("GCA") through the exercise of supplemental jurisdiction under 28 U.S.C. §1367, as they are based upon the same operative controversy and facts that have given rise to the claims being brought under this court's original jurisdiction.

3. The unlawful employment practices herein alleged were committed within Guam.

4. Venue is proper in this judicial district under 42 U.S.C. §§ 2000e-5(f) and 2000e-6(b). Venue is also proper under 28 U.S.C. § 1391(b) because the events or omissions giving rise to this action occurred in this judicial district.

## PARTIES

5. Plaintiff is an individual and was and continues to be a resident of Guam. From 1988 to August 2014, Plaintiff was employed with Defendant Guam Department of Education ("GDOE"), as a health counselor (school nurse).

6. Defendant GDOE is a government of Guam executive branch agency.

7. At all relevant times Jon Fernandez was employed with Defendant GDOE as the Department's Superintendent.

8. At all relevant times Robert Koss was employed with Defendant GDOE as the Department's Employee Relations Management Officer ("ERMO").

9. At all relevant times, Defendants Government of Guam and GDOE employed more than fifteen (15) individuals for each working day in each of twenty or more calendar weeks prior to and after, thus is an "employer" under Titles I and VII and Guam law.

10. All of the acts and failures to act alleged herein were duly performed by and attributable to the Defendants, each acting as a successor, alter ego, joint employer, integrated enterprise, agent, employee, successor, or under the direction and control of others, except as otherwise specifically alleged. The alleged acts and failures to act were within the scope of such agency and/or employment, and each Defendant participate in, approved and/or ratified the other Defendants' unlawful acts and omissions alleged in this Complaint. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## PROCEDURAL REQUIREMENTS

11. In March 2012 Nurse Johnson had back surgery.

12. As a result of her surgery, she required reasonable work accommodations.

13. For the 2012-2013 School Year, Nurse Johnson was placed at George Washington High School ("GW") in Mangilao, Guam. The school already had another nurse assigned to the school. Although the assignment did not follow all of her physicians' recommended accommodations, Nurse Johnson accepted the position as her drive to and from work was

Civil Case No.
Page 3 of 15
Case 1:16-cv-00083   Document 1   Filed 12/28/16   Page 3 of 15

approximately fifteen (15) minutes. She performed all of the essential functions of her job without incident. Nurse Johnson even received an "outstanding" evaluation from her supervisor for that school year.

14. For the following school year, 2013-2014, Defendant GDOE, through the actions of Superintendent Fernandez and Robert Koss, assigned Nurse Johnson to a school in Inarajan which would require at least a one (1) hour drive to and from her house.

15. Defendant DOE, Superintendent Fernandez, and Robert Koss all understood that the assignment of Nurse Johnson to the Inarajan school would result in the long commute for Nurse Johnson.

16. Mr. Koss advised Nurse Johnson to pull over on the side of the road every 10 minutes, get out of her car to stretch, etc. and then get back in her car and continue this routine every 10 or so minutes until she reached the work site.

17. Defendant GDOE's Personnel Rules and Regulations provide, in relevant part:

912.100 PLACEMENT OF EMPLOYEES WHO BECOME MEDICALLY NON-QUALIFIED

912.101. <u>General Provisions</u>
A. The provisions of this section shall apply to permanent employees who become medically non-qualified and to original probationary employees with a service-connected disability...

C. The employee <u>shall</u> be examined at the expense of DOE by a government or private physician or physicians, in such field or fields of medicine and/or psychiatry as may be applicable <u>to evaluate the employee's qualifications for his present position, or assess his current physical and emotional capabilities and/or evaluate his qualifications for a vacancy for which he is being considered under the provisions of this section</u>...

912.102 <u>Placement of Employees with Disabilities</u>

A. <u>After medical, physical or psychological reevaluation,</u> an employee who is no longer qualified to perform the duties of his position satisfactorily within a stated reasonable period of time and in spite of reasonable

accommodations due to a permanent medical physical...incapacity, the Director of Education/Superintendent shall take the following action (provided the employee is qualified and able to perform the new duties within the limitations established by these rules and the ADA):

912.103.　　Reasonable Accommodation
Every effort shall be made by the Director of Education/Superintendent to provide reasonable accommodations to assure continued employment.

18. Defendants determined Nurse Johnson was "medically non-qualified" as a School Health Counselor III without having her seen by a physician at Defendants' own expense to "evaluate the employee's qualifications for his present position, or assess his current physical and emotional capabilities and/or evaluate his qualifications for a vacancy for which he is being considered under the provisions of this section" as required under section 912. 102 of its Personnel Rules and Regulations.

19. Defendants made this determination despite Plainitff's physicians' professional opinions that she was medically qualified to perform her duties as a school nurse with reasonable accommodations. Further, Defendants made this determination without having Nurse Johnson evaluated by a physician as required by its own Rules and Regulations to determine whether she was physically qualified to work as a nurse or School Aide I prior to demoting her to that position.

20. On August 22, 2013 Nurse Johnson was demoted in position and pay to a School Aide I and placed at Adacao Elementary School.

21. Defendants could have placed Nurse Johnson at a school located closer to home than Inarajan Middle School. Nurse Johnson had been employed with Defendant GDOE for more than twenty-four years and she would have had seniority over several of the other nurses within the system.

22. There are at least twenty-one (21) public schools within the GDOE that are within a 10-20 minute drive of Nurse Johnson's home. Defendants failed to show that it would be unduly burdensome to place Johnson at one of the 21 schools that are closer to her home than Inarajan Middle School considering her seniority.

23. Defendants discriminated against Nurse Johnson, who was an otherwise qualified individual with a disability, for her known disability, by failing to provide her with a reasonable accommodation of a job site within a 10-20 minute drive from her home, where such an accommodation was available and did not pose an undue hardship.

24. Defendants failed to engage in an interactive process with Nurse Johnson to identify the limitations resulting from her disability and potential accommodations that could overcome those limitations.

25. On March 13, 2014, Plaintiff filed an EEOC charge alleging Plaintiff was discriminated because of a disability.

26. The EEOC investigated Nurse Johnson's charge and determined:

Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify the respondent [GDOE] is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge

27. On October 3, 2016, Nurse Johnson received her Dismissal and Notice of Rights from the EEOC, Honolulu Local Office.

28. All conditions precedent to the filing of this action have been performed.

## FACTUAL ALLEGATIONS

29. Nurse Johnson realleges and incorporates by reference the allegations set forth in paragraphs 1 through 28 herein as though fully set forth herein.

30. Johnson required back surgery in March 2012.

31. After the surgery Nurse Johnson was ordered by her treating physicians not to return to work for the remainder of the 2011-2012 School Year.

32. Her physicians allowed her to return to work the next school year but with specific accommodations.

33. Upon the request of Defendants, acting through Superintendent Fernandez and Robert Koss, Nurse Johsnon obtained, at her own expense, a total of five (5) letters within a fifteen (15) month time period as to her medical condition from her treating physicians. Nurse Johnson submitted letters dated October 9, 2012, October 16, 2012, January 8, 2013, July 15, 2013, and October 16, 2013.

34. In each of the five (5) letters, her physicians indicated she was medically able to do her job as a School Health Counselor but with the certain reasonable accommodations:

    A. Should work with another nurse to alleviate the need for heavy lifting/frequent moving.

    B. Avoid prolonger sitting, including avoid driving for over 10 minutes at a time.

    C. Avoid lifting over 15 pounds.

    D. Avoid working more than 6 hours per day and not more than 30 hours per week.

    E. Recommend work hours beginning at 8 or 9 am and avoid later work days due to worsening symptoms towards the end of the day.

    F. Recommend 10-15 minutes of rest time (free from patient care) every hour during work as needed for relief of symptoms.

35. For the 2012-2013 School Year, Nurse Johnson was placed at George Washington High School in Mangilao.

36. Although the assignment did not follow all of Johnson's physicians' <u>recommended</u> accommodations, Nurse Johnson accepted the position as her drive to and from work would take

Civil Case No.
Page 7 of 15
Case 1:16-cv-00083 Document 1 Filed 12/28/16 Page 7 of 15

approximately fifteen (15) minutes. The school already had another nurse assigned to it who remained at the school along with Nurse Johnson. The school nurse's job at that particular school was exceptionally demanding due to the school's size and student-demographics. Nurse Johnson performed all of the essential functions of her job without incident. Nurse Johnson received an "outstanding" evaluation from her supervisor for that school year.

37. On or about August 15, 2013, Nurse Johnson received a Memorandum from Defendant GDOE referencing "Notice of Transfer and Reassignment to Accommodate Disability" wherein Superintendent Fernandez, stated "on July 15, 2013 you provided me with medical certification indicating that you have become medically non-qualified for your current position as a School Health Counselor due to a disability and that you now require certain accommodations in order to continue your employment with DOE."

38. On or about August 20, 2013, Nurse Johnson received another Memorandum from Defendant GDOE referencing "Notice of Transfer and Assignment." In the Memorandum, Superintendent Fernandez informed Nurse Johnson that her assignment as a School Aide I was cancelled and that she was to resume the duties and responsibilities as a school nurse at Inarajan Middle School. Inarajan Middle School is approximately 1 hour away from Johnson's home.

39. On that same date, August 20, 2013, Nurse Johnson was summoned by Robert Koss, the Department's Lay Representative and Employee Management Relations Officer, to report to the Defendant GDOE's main office to sign papers regarding her assignment to Inarajan Middle School. Defendant Koss presented Johnson with a Memorandum of Agreement dated August 20, 2013. The Memorandum provided, *inter alia*, that:

> 2. Employee agrees that, notwithstanding her doctor's medical recommendations, she will voluntarily accept a position as a School Health Counselor III at Inarajan Middle School at her former grade and pay....

40. Johnson refused to execute the Agreement as she had yet to have an attorney review it on her behalf and she was concerned that she may be unknowingly waiving any or all of her rights.

41. Because Johnson was physically not able to sit in her car for that long of a drive, she requested she be placed at a school closer to her home. This reasonable accommodation was wrongfully denied and Johnson was demoted to a School Aide I and placed at Adacao Elementary School.

42. The assignment to Inarajan Middle School in order to keep her job as a school nurse was not reasonable despite Koss' recommendation that "if a school assignment is located 20 minutes from her home, she could simply stop and take a break after ten minutes before resuming her travel to the work site." This would require Johnson to pull over to the side of the road every 10 minutes for a one hour drive to and from work. Having her pull over to get out her car to stand at least six times to get to work and home is not a reasonable accommodation.

43. Chapter 12 of the GDOE Rules and Regulations provide, in relevant part:

912.100 PLACEMENT OF EMPLOYEES WHO BECOME MEDICALLY NON-QUALIFIED

912.101. <u>General Provisions</u>
A. The provisions of this section shall apply to permanent employees who become medically non-qualified and to original probationary employees with a service-connected disability...

C. The employee <u>shall</u> be examined at the expense of DOE by a government or private physician or physicians, in such field or fields of medicine and/or psychiatry as may be applicable <u>to evaluate the employee's qualifications for his present position, or assess his current physical and emotional capabilities and/or evaluate his qualifications for a vacancy for which he is being considered under the provisions of this section</u>...

912.102 <u>Placement of Employees with Disabilities</u>

A. <u>After medical, physical or psychological reevaluation</u>, an employee who is no longer qualified to perform the duties of his position satisfactorily within a stated reasonable period of time and in spite of reasonable accommodations due to a permanent medical physical…incapacity, the Director of Education/Superintendent shall take the following action (provided the employee is qualified and able to perform the new duties within the limitations established by these rules and the ADA):

912.103.    Reasonable Accommodation
Every effort shall be made by the Director of Education/Superintendent to provide reasonable accommodations to assure continued employment.

44.    Defendants determined Johnson was "medically non-qualified" as a school nurse without having her seen by a physician at Defendant's expense to "<u>evaluate the employee's qualifications for his present position, or assess his current physical and emotional capabilities and/or evaluate his qualifications for a vacancy for which he is being considered under the provisions of this section</u>" as required under section 912. 102 of its Personnel Rules and Regulations.

45.    Defendants, acting through Superintendent Fernandez and Robert Koss, determined Nurse Johnson was medically non-qualified despite Johnson's physicians' professional opinions that she was medically qualified to perform as a school nurse with reasonable accommodations.

46.    Furthermore, Defendants, acting through Superintendent Fernandez and Robert Koss, did not have Johnson evaluated by a physician as required by its own Rules and Regulations to determine whether she was physically qualified to work as a School Aide I prior to demoting her to that position as the duties of a School Aide I requires an employee to be on his/her feet most of the work day and to perform custodial duties.

47. The Department continued to treat Johnson unfairly and to harass her. A few days after she began working at Adacao Elementary School as a School Aide I, Robert Koss sent Johnson a text message inquiring as to how she liked working in her newly demoted position as a School Aide I. This text was demeaning and harassing to Johnson, and caused her distress.

48. In an email dated January 23, 2014, Defendants, acting through Robert Koss, told Johnson that "only the president of the US and Michael Jackson have a medical practitioner at their side at tall [sic] times."

49. On May 1, 2014, Defendants demanded yet another letter from Nurse Johnson's doctor and that it had to be provided that very same day. In addition, she was required to provide proof of insurance before Defendants would approve her leave of absence while she sought required medical treatment off-island.

50. On March 13, 2014, Plaintiff filed an EEOC charge alleging Plaintiff was discriminated because of a disability.

51. The EEOC investigated Johnson's charge and determined:

Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify the respondent [GDOE] is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge

52. Johnson suffered significant economic hardship and emotional distress as a result of Defendants' discrimination.

//
//
//

# CAUSE OF ACTION

## Title III, Discrimination Because of Disability

53. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 53 herein as though fully set forth herein.

54. Chapter 12 of the GDOE Rules and Regulations provide, in relevant part:

912.100 PLACEMENT OF EMPLOYEES WHO BECOME MEDICALLY NON-QUALIFIED

912.101. General Provisions
A. The provisions of this section shall apply to permanent employees who become medically non-qualified and to original probationary employees with a service-connected disability…

C. The employee shall be examined at the expense of DOE by a government or private physician or physicians, in such field or fields of medicine and/or psychiatry as may be applicable to evaluate the employee's qualifications for his present position, or assess his current physical and emotional capabilities and/or evaluate his qualifications for a vacancy for which he is being considered under the provisions of this section…

912.102 Placement of Employees with Disabilities

A. After medical, physical or psychological reevaluation, an employee who is no longer qualified to perform the duties of his position satisfactorily within a stated reasonable period of time and in spite of reasonable accommodations due to a permanent medical physical…incapacity, the Director of Education/Superintendent shall take the following action (provided the employee is qualified and able to perform the new duties within the limitations established by these rules and the ADA):

912.103. Reasonable Accommodation
Every effort shall be made by the Director of Education/Superintendent to provide reasonable accommodations to assure continued employment.

55. Defendants determined Nurse Johnson was "medically non-qualified" as a school nurse in violation of its own Personnel Rules and Regulations without having her seen by a

physician at its own expense to "evaluate the employee's qualifications for his present position, or assess his current physical and emotional capabilities and/or evaluate his qualifications for a vacancy for which he is being considered.

56. Defendants determined Nurse Johnson was medically non-qualified despite Johnson's physicians' professional opinions that she was medically qualified to perform as a school nurse with reasonable accommodations in violation of Title III.

57. Furthermore, Defendants did not have Nurse Johnson evaluated by a physician as required by its own Rules and Regulations to determine whether she was physically qualified to work as a School Aide I prior to demoting her to that position as the duties of a School Aide I requires an employee to be on his/her feet most of the work day and to perform custodial duties.

58. As a result of Defendants' discrimination, Nurse Johnson suffered significant economic hardship and emotional distress.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

1. Award judgment in favor of Plaintiff and against Defendants for the claims pursuant to Title I of the Americans with Disabilities Ac ("ADA"), 42 U.S.C. §§ 12111-12117., as amended, which incorporates, through § 12117 (a), the powers, remedies and procedures set forth §§ 42 U.S.C. §§ 2000e-2000e-1720000 ("Title VII") for discrimination based upon a disability and the failure to accommodate the same.

2. Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities, and which eradicate the effects of their past and present unlawful employment practices.

3. Award all appropriate monetary relief, including back pay with prejudgment interest where applicable, in amounts to be determined at trial, to Plaintiff to make her whole for any losses suffered as a result of discrimination alleged in this Complaint;

4. Award compensatory damages to Plaintiff and any other nonpecuniary losses suffered as a result of the discrimination alleged in this Complaint;

5. Award Plaintiff attorney's fees and costs incurred in bringing this action;

6. Grant such other and further relief as may be just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury of all issues triable to a jury, as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

*Respectfully Submitted* this 28th day of December 2016.

**CIVILLE & TANG, PLLC**

By: _____
JOSHUA D. WALSH
*Attorney for Plaintiff*

**BROOKS CONCEPCION LAW, P.C.**

By: _____
GEORGETTE B. CONCEPCION
*Attorney for Plaintiff*

## VERIFICATION

I, Cynthia Johnson being first duly sworn, do hereby depose and state that I am the Plaintiff and that I have read the foregoing *VERIFIED COMPLAINT* and it is true of my own knowledge except as to those matters alleged upon information and belief and as to those matters, I believe them to be true.

Executed on December 28, 2016, at Hagåtña, Guam.

CYNTHIA JOHNSON

GUAM, U.S.A., )
       ( ss.:
City of Hagåtña. )

On this 28th day of December, 2016, before me, a notary public in and for Guam, personally appeared **CYNTHIA JOHNSON**, known to me to be the person whose name is subscribed to the foregoing *VERIFIED COMPLAINT*, and she acknowledged to me that she executed the same.

WITNESS my hand and official seal.

TABITHA MADARANG GARCIA
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: JAN. 09, 2020
330 Hernan Cortez Avenue Ste. 200, Hagatna Guam 96910